WiKUAMS. J.
The plaintiff, Margaret Mullen, having recovered a judgment against George Clemens, for damages resulting from the unlawful sale, by him, of intoxicating liquors to her husband, brought the action below, to subject the premises occupied by Clemens when the sales were made, to the payment of her judgment; the premises then being the property of the defendants below, who, it is alleged, permitted them to be used for the sale of intoxicating liquors thereon.
The action was brought under section 4364, of the Revised Statutes, which reads as follows : “If a person rent or lease to another, any building or premises to be used or occupied, in whole or in part, for the sale of intoxicating liquors, or permit the same to be so used or occupied, in whole or in part, such building or premises so leased, used or occupied, shall be held liable for and may be sold to pay all fines, costs, and damages assessed against any person occupying the same; proceedings may be had to subject the same to the payment of any such fine and costs assessed or judgment recovered, or any part thereof, which remain unpaid, either before or after execution issues against the property of the person against whom such fine and costs or *457 judgment bave been adjudged or assessed; when execution: issues against the property so leased' or rented, the officer shall proceed to satisfy the same out of the building or premises so leased or occupied; if such building or premises-belong to a minor, insane person, or idiot, his guardian having control thereof shall be liable and account to his-ward for all damages on account of such use and occupation, and the liabilities for the fines, costs and damages aforesaid; and all contracts whereby any building or premises are rented, or leased, and the same used or occupied, in whole or in. part, for the sale of intoxicating liquors, shall be void, and. the lessor shall, on and after selling or giving intoxicating, liquors as aforesaid, be considered and held to be in possession of such building or premises.”
The principal question presented is, whether, under this-section of the statute, in order to charge the leased premises where the liquors were illegally sold, with the payment of' a judgment rendered against the seller for damages caused, by such sales, it is essential, either that the premises be let for the unlawful sale of intoxicating liquors thereon, or be permitted by the lessor to be used for such unlawful purpose. Or, may the premises be so charged when they are leased to be used for the sale of intoxicating liquors, or permitted', by the lessor to be so used, if the lease contain a provision that the lessee shall not sell contrary to law, and the lessor have no knowledge of illegal Sales by the lessee?
In support of the judgment-below, it is contended, (1),. that to hold the premises liable under the statute, they must have been leased for the unlawful purpose of selling liquors thereon contrary to law, or, such unlawful use must have been knowingly permitted by the lessor; and, (2), that unless the statute be given that construction, it is unconstitutional. To sustain the judgment of the circuit, court, it is necessary to maintain one or the other of these-propositions.
1. It is conceded that section 4364, does not in terms,, limit the liability of the premises as stated in the first proposition. Its language is, that the premises “shall be held; liable for * * damages assessed against any person: *458 occupying the same,” if they were rented or leased to be used “for the sale of intoxicating liquors,” or permitted “to be so used;” and not, that the premises shall be held liable if they were rented for the sale of liquors in violation of law, or permitted to be so used; so that, in order to give the statute the effect contended for, it becomes necessary to add, by construction, a provision it does not contain. This, the court is not at liberty to do, unless there is something in the context which justifies it. It is claimed that such construction is warranted, when the section is read in connection with section 4357, which provides: “ Every husband, wife, child, parent, guardian, employer, or other person injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall, after the giving and during the existence of the notice provided for in the next section, have a right of action in his or her own name, severally or jointly, against any person or persons, who, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person; and the owner of any building or premises, and the person renting or leasing the same, having knowledge that intoxicating liquors are to be sold therein, in violation of law, or, having leased the same for other purposes, knowingly permit intoxicating liquors to be sold therein,that have caused the intoxication, in whole or in part, of such person, shall be liable severally or jointly with the person or persons selling or giving intoxicating liquors as aforesaid, for all damages sustained, as well as exemplary damages.”
That section makes the lessor, having knowledge that intoxicating liquors are to be sold on the leased premises in violation of law, a joint wrong-doer with the lessee who makes the illegal sales, and authorizesythe person injured thereby, to sue both, or either, for all damages caused by such sales. To maintain the action against the lessor, under that section, it is necessary that he have .knowledge that liquors are to be sold on the leased premises in violation of law, or, that he knowingly permitted the sales that caused the injury. His liability is personal; the damages are made a lien on all *459 of his real estate; and for the payment of the damages all of his property, of every kind, without exemption (except the articles specified in section 5430,) may be taken. Revised Statutes section 4363.
The remedy under section 4357 is more direct, and more comprehensive than that under section 4364. Under the former section, the injured party may recover directly against the lessor, either jointly with the seller, or severally, all damages sustained by reason of the unlawful sales, and immediately siezé, on execution, all of his property, except that specifically exempted, for the payment of the same; while undér the latter section, the remedy is only against the specific property on which the liquors were sold, and must be pursued by separate' action, after the recovery of judgment against the seller. If the same facts, which entitle the party injured, to the more direct and comprehensive remedy, must be established in order to make available the other and more limited one, the latter would appear to be unnecessary, and the section providing for it, without practical operation; for, upon the facts necessary to enable the plaintiff to maintain an action under the latter section, he could under the former section obtain the same, and even greater relief. In accordance with a well settled rule of interpretation, these sections of the statute must be so construed as to make, if possible, all their provisions operative; and to do this, it is only necessary, we think, to accord to the language of section 4364 its plain meaning. That does not make it essential, in order to charge the leased premises where the liquors were illegally sold with the payment of the damages caused by such sales, either, that the premises be leased to be used for the purpose of selling intoxicating liquors thereon in violation of law, or, that the lessor have knowledge that such liquors are so sold, or that he knowingly permitted the sales which caused the damages. It is sufficient, if the premises were leased to be used for the sale of intoxicating liquors, or were permitted by the lessor to be so used. With the policy of the statute, which counsel have discussed at some length, the court is not concerned. The duty is not devolved upon it, to find a good reason for the *460 statute, or one against it. Tbe province of the court is limited to the due administration of the statute as it comes from the hands of the legislature, if it he free from constitutional objection.
2. Is the section (4364) unconstitutional?. It is contended that it is in conflict with the fourteenth amendment to the constitution of the United States, and also with section sixteen of article one of the constitution of this state, in that, it deprives the lessor of his property without due process of law, and of his remedy by due course of law. In support of this contention, it is argued, that the lessor is not a proper party to the action against the liquor seller, and has, therefore, no opportunity in that action to contest the plaintifPs claim; nor is he allowed, in the action brought against him to subject his property to the payment of the judgment obtained against the seller, to controvert any fact upon which the judgment is founded; and so, it is said, his property may be thus taken without giving him a day in court. .
The position, we think, is not sound. True, the lessor is not a necessary party to the action for damages against the person whose unlawful sale of liquors caused the plaintiffs injury. Whether the court, in the exercise of its discretion, might permit him to intervene and contest the plaintiff’s right to judgment, we need not decide. That question is not before us. It is also true, that the judgment recovered against the seller of the liquor, when not obtained by fraud or collusion, is so far conclusive against the lessor of the premises where the sales were made, that the latter cannot dispute the sales, or their illegal character, or the damages resulting therefiom. But the unlawful sale of liquor by the tenant, resulting in damages to the plaintiff, does not, of itself, create any charge upon the property of the landlord, nor does the judgment against the seller, itself operate to make the property liable for its payment. The premises on which the liquors were sold, can only be held liable for the damages, when they have been leased to be used for the sale of intoxicating liquors, or have been permitted by the lessor to be so used; and, to subject the leased premises to the pay- *461 meat of the judgment recovered against the tenant, an action must be instituted in a court of competent jurisdiction, for that purpose, against the. lessor, and prosecuted to final judgment against him. The plaintiff in that action, must allege in his petition, all the facts required by the statute, to make the premises liable; among them, that the premises were leased by the defendant to be used for the sale of intoxicating liquor, or were permitted by him to be so used, and, that the unlawful sales which caused the plaintiff’s damages were made on the premises. It is competent for the defendant to controvert any or all of the allegations of the petition, and interpose any other defense he may have; and it is incumbent on the plaintiff, to establish on the trial, the facts necessary to entitle him to judgment. Whether the premises are liable for the payment of the damages awarded the plaintiff against the person whose illegal sale of the liquor caused them, is the question which concerns the defendant, and on that question he has his day in court, with full opportunity to be heard. He has the right of appeal from any judgment that may be rendered against him, and may prosecute error as in other civil actions; so that, he is not, in any sense, deprived of his remedy by due course of law, nor of his property without due process of law. Binder v. Finkbone, 25 Ohio St. 103; Bertholf v. O'Reilly, 74 N. Y. 509.
3. The question arises upon the pleadings, and facts found by the circuit court, whether anything more than the estate which the lessor has in the premises leased, or permitted to be used for the sale of such liquors, can be made liable for the payment of the judgment recovered against the tenant.
It appears from the findings of fact, that the premises on which Clemens made the sales, on account of which the plaintiff recovered her judgment against him, were originally rented to him by Caleb Peck, the owner, in 1880, who died in 1883, leaving a will, by which the premises were devised to the defendant Rebecca J. Peck for life, remainder to the defendants Alanson and Mary J. Peck; and when the sales were made by Clemens, on the 28th and 29th of May, *462 1885, he was occupying the premises under a continuance of the lease by the consent and agreement of the owner of the life estate only; the effect of which, is the same, as if he were in possession under a new lease made by her. We are satisfied it is only her estate in the property that can be subjected to the payment of the plaintiff’s judgment; and that the estate in remainder cannot be taken. The statute makes void the lease under which the premises were occupied when the liquors were sold, and declares that the lessor shall thereafter be considered and held to be in possession. The effect of the statute was to restore the possession of the premises in question to Rebecca J. Peck. Her life estate was not terminated. Nor can it, with propriety, be said that the owners of the estate in remainder permitted the premises to be used for the sale of liquors; for, during the continuance of the life estate, -they have no control over them. And their estate in the/ property could not be made liable by any act of the owner of the estate for life.

The judgment of the circuit court will be reversed, and judgment entered subjecting the life estate of Rebecca f. Peckt to the payment of plaintiff's judgment. As to the other defendants the judgment is affirmed.